■ In the Matter of NU-LIFE CONSTRUCTION CORP., Petitioner, v BOARD OF REVIEW OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Review of the Board of Education of the City of New York dated July 20, 1987, which, after a hearing, found the petitioner in default of a contract.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charge is dismissed.

Based on our review of the record, we find that the determination that the petitioner willfully and in bad faith violated a contract and delayed the performance and completion of the work pursuant to that contract is arbitrary and capricious and unsupported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222; CPLR 7803 [4]).

Under the subject contract, the petitioner was to perform emergency plaster repair work at a public school in Kings County. The default determination was grounded in the petitioner's failure to use oil-base paint, provide plaster arises, maintain a quarter-inch thickness for beam work, fully prime ceilings, and complete the work without unnecessary delay, as required by the contract. The record discloses, however, that

the petitioner's use of latex paint as opposed to oil-base paint, and its use of corner beads as opposed to plaster arises, was done pursuant to the request of a job inspector from the Office of School Buildings. Indeed, the Office of School Buildings was put on notice by the petitioner that it would use these materials pursuant to the instructions of the inspector. The evidence at the hearing further disclosed that the use of corner beads made it impossible to meet the quarter-inch thickness requirement for beam work with any great accuracy. At no time during the life of the contract or even during a substantial period of time thereafter were any specific complaints or exceptions made with respect to the use of these materials. The substantial evidence demonstrated that the petitioner's compliance with the instructions of the job inspector did not constitute an act of bad faith.

As to the petitioner's failure to fully prime the ceilings, we note that prior to painting the ceilings, the petitioner sent letters to the Board of Education of the City of New York requesting an inspection of the priming work. The areas were thereafter inspected by the job inspector and approved prior to painting. There is nothing to substantiate the subsequent finding that the priming job done by the petitioner constituted a bad-faith and willful violation of the contract.

It is undisputed that the petitioner was plastering and painting up to one week after the expiration date of the contract. We note, however, that that delay in and of itself did not support the findings that the petitioner was "unnecessarily delaying" completion of the contract and could not substantially complete the contract within the time provided.

We have reviewed the remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.